# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY F. WHITMAN, III,** | : | **CIVIL NO. 1:CV-09-0566** |
| Plaintiff, | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **DAVID J. ARNOLD,** | : | |
| Defendant | : | |

## MEMORANDUM

On March 27, 2009, Henry F. Whitman ("Whitman"), an inmate at the State Correctional Institution at Coal Township (SCI-Coal Township), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as the sole defendant is David J. Arnold, District Attorney of Lebanon County, Pennsylvania. Along with his complaint, Whitman proceeds in forma pauperis in this matter.[1] (Doc. No. 2.) Pursuant to 28 U.S.C. § 1915, the Court is required to examine the complaint for legal sufficiency and to dismiss a complaint if it is frivolous, malicious or fails to state a claim on which relief may be granted. For the reasons that follow, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     Allegations of the Complaint

In the complaint Whitman requests this Court to issue an order requiring Defendant to direct the testing of his DNA under the Innocence Protection Act of 2004, 18 U.S.C. § 3600. His complaint details how he was convicted of the rape and murder of a nine (9) year old boy in

---

[1] Whitman completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on April 27, 2009 (Doc. No. 8), directing the warden at SCI-Coal Township to commence deducting the full filing fee from Whitman's prison trust fund account.

1989, when Whitman was only sixteen (16) years old.  On December 5, 1989, he was sentenced to life in prison on the murder charge, with a consecutive term of 10 to 20 years on charges of rape and involuntary intercourse.  He then goes on to detail his attempts to challenge the conviction and sentence through the Pennsylvania state courts.

In the pending civil rights complaint, he simply requests injunctive relief in the form of the issuance of an order directing the testing of the DNA evidence in the case pursuant to the Innocence Protection Act of 2004, 18 U.S.C. § 3600.

**II.     Discussion**

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).  The applicable standard of review for the failure to state a claim provision is the same as the standard for a 12(b)(6) motion.  Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002).  A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend.  Id. at 106.

First, to the extent Whitman's request for relief under 18 U.S.C. § 3600 is even properly filed within the context of a civil rights action, he fails to state a claim upon which relief may be granted.  Title 18 U.S.C. § 3600 entitled "DNA testing" applies only to persons "under a sentence of imprisonment or death pursuant to a conviction for a federal offense." 18 U.S.C. § 3600(a); Young v. Wynder, Civ. A. No. 07-2847, 2008 WL 2227532, at *1 (E.D. Pa. May 23, 2008).  Section 3600 does allow an individual averring innocence of a state offense to move for DNA testing under some circumstances, if he or she fulfils the other statutory requirements.  But

2

when the statute is read as a whole, it is clear that an individual challenging a state conviction must be under a sentence pursuant to a conviction for a federal offense, 18 U.S.C. § 3600(a), and any state conviction involved must have contributed to his or her federal death sentencing hearing, 18 U.S.C. § 3600(a)(1)(B)(ii)(I). Because Whitman is in custody only for state law convictions, and has not been sentenced for a federal offense, he cannot move for DNA testing under the Innocence Protection Act, 18 U.S.C. § 3600.

To the extent Whitman seeks to challenge his underlying conviction and sentence in any other way, those allegations are not properly asserted in this proceeding.[2] It is well-settled that a civil rights action may not be employed to challenge the fact or duration of a prisoner's conviction and sentence, or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). Whitman is free to file a habeas corpus petition if he so chooses, however the Court expresses no opinion as to the ultimate success of any petition filed. Accordingly, the instant complaint will be dismissed for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.

---

[2] In his filing, Whitman appears to allege the ineffective assistance of counsel during trial and other challenges to his underlying conviction and sentence.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY F. WHITMAN,** | : | CIVIL NO. 1:CV-09-0566 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **DAVID J. ARNOLD,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, **this 26th day of May, 2009,** for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court is directed to **close this case**.

3. Any appeal taken from this order will be deemed frivolous, without probable cause and not taken in good faith.

        S/ Yvette Kane
        YVETTE KANE, Chief Judge
        Middle District of Pennsylvania